THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR TORRES PÉREZ, Defendant and Appellant.

No. 16300. Submitted January 17, 1958.—Decided April 7, 1958.

---

*Luis A. Noriega* for appellant. *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General,* and *Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

Víctor Torres Pérez was prosecuted in the Superior Court, Ponce Part, for a violation of Act No. 220 of May 15, 1948 (*Bolita* Act). 33 L.P.R.A. § 1247 *et seq.* Having been convicted and sentenced to serve six months in jail, he took the present appeal. He maintains that the lower court erred in denying his Motion for Nullity of Search Warrant and Suppression of Evidence, and in admitting in evidence the *bolita* material which was obtained by the search of his residence under that warrant. The *Fiscal* of this Court consents to the reversal of the judgment.

The main question narrows down to a determination of whether the rule which we adopted in *People* v. *Villariny,* 71 P.R.R. 694 (1950), is correct. There we held that the sufficiency of an affidavit supporting a search warrant can not be challenged by means of proof that the statements made under oath in the affidavit are false. Otherwise stated: the sufficiency of an affidavit should be determined solely from the facts contained therein and upon which it was determined that probable cause existed to issue the search warrant. That is why the lower court did not permit the appellant to introduce evidence to show that the facts stated under oath by the policeman were false, and ruled that the search warrant was valid on its face.

Juridical stability requires that changes in the jurisprudential doctrine should not be too frequent. In order to terminate endless disputes and by the force of the precedent, judicial judgments are the standards for determining subsequent suits. But the duty to render fair, valid, and ob-

jective decisions precludes us from attaining absolute stability. Thus, we have re-examined the question decided in *People* v. *Villariny, supra,* and a careful analysis of the problem convinces us that it must be overruled.[1]

■■ Sections 517 and 518 of the Code of Criminal Procedure (34 L.P.R.A. § § 1827 and 1828) provide that, if the grounds on which the warrant was issued are controverted, *"he must proceed to take testimony in relation thereto,"* and *"if it appears . . . that there is no probable cause for believing the existence of* [such] *grounds . . . the justice of the peace must cause it* [the property] *to be restored to the person from whom it was taken."*[2] Therefore, we erred in holding that in Puerto Rico there did not exist a statute authorizing the challenging of an affidavit supporting the issuance of a search warrant by means of proof that the statements made in the affidavit are false. Although those sections refer to the *"justice of the peace,"* in *People* v. *Capriles,* 58 P.R.R. 551 (1941), we held that the justices of the municipal courts (now District Court) and of the district courts (now Superior Court) have power to order the return of property illegally seized in those cases where the offense in connection with which the evidence is to be used is committed within its juris-

---

[1] Of course, we are not precluded from reconsidering the rule laid down in the *Villariny* case because the Legislative Assembly, by Act No. 91 of June 22, 1957 (Sess. Laws, p. 435), added § 518-A to the Code of Criminal Procedure precisely for the purpose of permitting the challenging of the truth of the affidavit supporting a search warrant "by means of proof that the statements made under oath in the affidavit are false, either in whole or in part." The effect of § 518-A, *supra,* is merely prospective. It did not alter in any way the provisions of § § 517 and 518 of the Code of Criminal Procedure. And the Legislature considered it necessary to approve the same in view of the doctrine which we now overrule.

[2] The English version of those sections is much clearer than the Spanish version. Those sections, copied in full, read thus:

"If the grounds on which the warrant was issued be controverted, he must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing." Code Crim. Proc., 1935, § 517.

"If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds in which the warrant was issued, the justice of the peace must cause it to be restored to the person from whom it was taken." Code Crim. Proc., 1935, § 518.

diction, inasmuch as according to § 514 of the Code of Criminal Procedure:

"If it was taken on a warrant issued on the grounds stated in the second and third subdivisions of section 502, he must retain it in his possession, *subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property taken is triable.*" 34 L.P.R.A. § 1824. (Italics ours.)

It is to be noted that the provisions contained in § § 517 and 518 of the Code of Criminal Procedure are almost identical with § § 15 and 16 of the Federal Espionage Act of 1917.[3] On the authority of those sections, the federal courts have always maintained that the truth of the matters supporting a search warrant could be controverted or disputed. See Cornelius, *The Law of Search and Seizure,* § § 169 (89) and 353 (256), 2d ed. and cases cited in 5 A.L.R. 2d 394, 407–09. On the other hand, Rule 41 (e) of the Federal Rules of Criminal Procedure also contains provisions similar to those of our Code.[4] And the federal authorities have held that, pur-

---

[3] Those sections provided as follows:

"Sec. 15. If the grounds on which the warrant was issued be controverted, the judge or commissioner must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and subscribed by each witness." 40 Stat. 229 (1917).

"Sec. 16. If it appears that the property or paper taken is not the same as that described in the warrant or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause it to be restored to the person from whom it was taken; but if it appears that the property or paper taken is the same as that described in the warrant and that there is probable cause for believing the existence of the grounds on which the warrant was issued, then the judge or commissioner shall order the same retained in the custody of the person seizing it or to be otherwise disposed of according to law." 40 Stat. 229–30 (1917).

[4] This Rule in its pertinent part provides:

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The judge shall receive evidence

suant to Rule 41 (*e*), *supra*, evidence may be introduced to show that the facts supporting the determination that there existed probable cause for the issuance of a search warrant are false. See *Hoffritz* v. *United States*, 240 F. 2d (9th Cir., 1956), and *Benes* v. *Canary*, 224 F. 2d 470 (6th Cir., 1955).

In California, source of §§ 517 and 518 of our Code of Criminal Procedure, the defendant in a criminal case may not request the suppression and return of the evidence illegally obtained through motion in the criminal action. Grant, *Search and Seizure in California*, 15 So. Calif. L. Rev. 139, 146–52 (1942). Moreover, the prevailing rule until recently was that the evidence obtained by a wrongful search or seizure was admissible in prosecution of the defendant. See *People* v. *Cahan*, 282 P. 2d 905 (Calif. 1955), and Barrett, *Exclusion of Evidence Obtained by Illegal Searches—A Comment on People* v. *Cahan*, 43 Calif. L. Rev. 565 (1955). However, the California courts permit the direct challenge of the search warrant and of the supporting affidavit by means of any evidence, in a separate civil suit. They have reached this result by applying §§ 1539 and 1540 of the Penal Code of California, counterpart of §§ 517 and 518 of our Code of Criminal Procedure. See, for example, *Stern* v. *Superior Court*, 174 P. 2d 34 (Calif. 1946). There is no reason whatever for prohibiting such challenge in Puerto Rico when the incident arises in the criminal cause.[5]

---

on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." 18 U.S.C.A., *Federal Rules of Criminal Procedure* 41 (*e*).

[5] As is well known, in Puerto Rico the defendant must move, prior to the trial of the criminal cause, for the return of the evidence illegally obtained. *People* v. *Capriles*, 58 P.R.R. 551 (1941), and *People* v. *Figueroa*, 59 P.R.R. 909 (1942). He also has such right during the trial under the circumstances pointed out in *People* v. *Nieves*, 67 P.R.R. 283 (1947), and *People* v. *Barrios*, 72 P.R.R. 163 (1951).

Therefore, the judgment appealed from is reversed and the case remanded to the Superior Court, Ponce Part, for further proceedings not inconsistent with this opinion.